UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANKIET TRAN, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; TIM DOES, an individual and DOES 1 to 50, inclusive,<br><br>                              Defendants. | Case No.: 23cv2057-GPC(BLM)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT; AND (2) GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT**<br><br>**[Dkt. No. 27.]** |

      Before the Court is Plaintiff's motion to amend the complaint to join a defendant and to remand the action to state court for lack of subject matter jurisdiction. (Dkt. No. 27.) Defendant filed an opposition and Plaintiff replied. (Dkt. Nos. 31, 34.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to amend the complaint and remands the case to state court.

## Background

    On April 4, 2023, Plaintiff Vankiet Tran ("Plaintiff") filed a complaint against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") in San Diego County Superior Court alleging causes of action for negligence and premises liability for a slip-and-fall incident at Costco's 2345 Fenton Parkway store, in San Diego, CA on

April 21, 2021. (Dkt. No. 1, Not. of Removal, Ex. A, Compl. ¶¶ 5, 8.) The case was removed to this Court on November 7, 2023 pursuant to diversity jurisdiction, 28 U.S.C. § 1332.[1] (*Id.*, Not. of Removal ¶ 2.) Plaintiff is a citizen of California and Defendant is a citizen of Washington. (*Id.* ¶¶ 3, 4; *see id.*, Ex. A, Compl. ¶¶ 1, 2.) Plaintiff seeks damages in excess of $1,000,000. (*Id.*, Ex. B, Statement of Damages.) Therefore, the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1332.

In the motion, Plaintiff seeks to add Tim Coyle ("Mr. Coyle"), Costco's Warehouse Manager at the Fenton Parkway store, as a defendant in this case. (Dkt. No. 27.) Because Mr. Coyle's joinder would defeat diversity jurisdiction, Plaintiff also moves to remand the case to state court. (*Id.*) In response, Defendant argues that fraudulent joinder should bar the amendment in this case. (Dkt. No. 31.)

## Discussion

### A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend "shall be freely given when justice so requires", Fed. R. Civ. P. 15(a)(2), and is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, after a case has been removed, a proposed amendment to join a diversity-destroying defendant is governed by 28 U.S.C. § 1447(e), which states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2] 28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors*

---

[1] A district court has diversity jurisdiction over any civil action where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

[2] Plaintiff moves to amend the complaint to add Tim Coyle as a defendant under Rule 15(a) and § 1447(e). (Dkt. No. 27.) The Court relies on its prior ruling in *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (2014) where it adopted the line of cases applying section 1447(e) "to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)." *Id.* at 607; *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (when a plaintiff seeks to add a diversity-destroying party following removal, "the amendment cannot be presumed appropriate and the logic and policy of Rule 15(a) do not apply . . . [instead] a district court must scrutinize an attempted diversity-

*Co.*, 157 F.3d 686, 691 & n.2 (9th Cir. 1998) (applying § 1447(e) in a motion to remand where the plaintiff sought to add a defendant that would defeat diversity).

The decision whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court. *See Newcombe,* 157 F.3d at 691; *Walker v. Glob. Mail, Inc.*, No. CV 21-6546-DMG (SHKx), 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e).").

In exercising this broad discretion, the Court may consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether the denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted); *see also Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Leyba v. Walmart, Inc.*, No. 2:20-cv-07604-ODW (Ex), 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021).

**B.  Analysis**

Plaintiff argues that all six factors support joinder of Mr. Coyle as a defendant. (Dkt. No. 27 at 15-24.)  In response, Defendant argues that fraudulent joinder bars Plaintiff from amending the complaint. (Dkt. No. 31.)  As a threshold matter,

---

destroying amendment to ensure that it is proper; in other words § 1447(e) applies."). Therefore, the Court applies § 1447(e) rather than Rule 15(a) to Plaintiff's motion.

Defendant's reliance on fraudulent joinder is misplaced and applies the wrong standard. Fraudulent joinder applies "only where nondiverse defendants are joined in the state court action prior to removal in order to prevent removal." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2022) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.")). Here, because the case has already been removed and where Plaintiff seeks to add a nondiverse party, the Court analyzes the propriety of joinder under 28 U.S.C. § 1447(e). *See id.* (citing *Newcombe*, 157 F.3d at 691; *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); *Buttons v. Nat'l Broadcasting Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994)). The Court will apply Defendant's argument supporting fraudulent joinder to the first factor under § 1147(e).

### 1. Joinder under Rule 19

Plaintiff maintains that adding Mr. Coyle as a defendant is needed for the just adjudication of the case and should be joined under Rule 19 because he is a required party whose identity was unknown at the time the complaint was filed. (Dkt. No. 27 at 21.) Defendant argues that Mr. Coyle cannot be held liable because he did not witness the alleged incident and was not anywhere near the incident when it occurred. (Dkt. No. 31 at 3.) Further, Costco asserts that the allegations against him do not give rise to claims against him. (*Id*. at 6.)

Rule 19(a) requires the joinder of a person where that person's absence would preclude the grant of "complete relief among existing parties", may "impair or impede the person's ability to protect the interest", or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). While courts consider the standard set under Rule 19 to determine whether to permit joinder under section 1447(e), an "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC Aviation Servs., Inc.*, 125 F.

Supp. 2d at 1011-12.  The standard for joinder under section 1447(e) "is met when failure to join will lead to separate and redundant actions."  *Id.* at 1011 (citing *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991)).  But "[c]ourts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Id.* at 1012 (citation omitted).

Here, the complaint alleges claims for negligence and premises liability against Defendant and Tim Doe.  (Dkt. No. 1, Not. of Removal, Ex. A, Compl.)  The complaint also claims that Defendant Tim Doe was a supervisor or manager of the premises at the time of the alleged incident who was  "responsible for the maintenance of the premises at the time of Plaintiff's slip and fall, was responsible to verify that there was in place a policy which provided for the maintenance of the premises according to industry standards, was responsible for the training and education of the premises employees who were tasked with conducting the maintenance of the premises, and was responsible for verifying that the premises be maintained according to industry standards and sufficient policies and procedures." (*Id.* ¶ 3.)  Further, it complains that Defendants, including Tim Doe, negligently managed, supervised, inspected, maintained and/or controlled the premise creating "a dangerous, defect and unsafe condition in conscious disregard for the risk of harm to invitees."  (*Id.* ¶ 15.)

Under long-settled California law, a store manager may be held liable for his or her tortious acts.  *See Perkins v. Blauth*, 163 Cal. 782, 787 (1912) ("if a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not, of course, exonerate the agent from liability."); *see also Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54, 68-69 (2003), *as modified on denial of reh'g* (Apr. 8, 2003) (agent or employee is always liable for his own torts, whether his employer is liable or not; fact that tort was committed by agent acting under authority of his principal and principal thus becomes liable does not exonerate agent from liability); *Dillon v. Wallace*, 148 Cal. App. 2d 447, 455 (1957)

(manager in charge of market where the plaintiff slipped and fell was liable for his failure to act and breached a duty to protect customers from injury).

District courts have similarly held that store managers may be named as a defendant because they may be personally liable for negligence in their role as employees. *See Tapia v. Burlington Coat Factory of Texas, Inc.*, Case No. 1:23-cv-01294-JLT-CDB, 2024 WL 3565984, at *3 (E.D. Cal. July 26, 2024), *report and recommendation adopted by* 2024 WL 3861410, (Aug. 19, 2024); *West v. Costco Wholesale Corp.*, Case No. LA CV20-04265 JAK (FFMx), 2020 WL 7023777, at *4 (C.D. Cal. 2020); *Trujillo v. Target Corp.*, No. 17-cv-06429 VAP (GJSx), 2017 WL 4864490, at *2 (C.D. Cal. Oct. 26, 2017).

Defendant cites to irrelevant out of circuit employment cases regarding liability of agents to support its argument, (Dkt. No. 31 at 6), and does not address the numerous tort cases applying California law granting a plaintiff's motion to join a diversity-destroying defendant under § 1447(e). Thus, this first factor supports the joinder of Mr. Coyle because he is not tangentially related to the cause of action but directly related as he may be liable for his alleged negligence in failing to keep the premises in a safe condition. Further, the failure to join Mr. Coyle would lead to separate and redundant actions

### 2.     Statute of Limitations

Second, Plaintiff contends that the two-year statute of limitations would preclude a new action against Mr. Coyle in state court because the incident occurred on April 15, 2021. (Dkt. No. 27 at 22.) Defendant does not oppose.

The statute of limitations for personal injury actions due to negligence in California is two years. *See* Cal. Code Civ. Proc. § 335.1; *see Trujillo v. Target Corp.*, 17–cv–06429 VAP (GJSx), 2017 WL 4864490, at *3 (C.D. Cal. Oct. 26, 2017) (plaintiff foreclosed from bringing negligence action against store manager under Cal. Code Civ Proc. § 335.1). Because the claim against Mr. Coyle would be barred by the statute of limitations, the Court agrees this factor supports joinder of Mr. Coyle.

///

### 3. Timeliness of Seeking Leave to Amend

Plaintiff timely sought to add Mr. Coyle a day after learning of his identity as the Manager on the day of the incident. (Dkt. No. 27 at 22-23.) Again, Defendant does not oppose. Plaintiff has shown timeliness in seeking leave to amend, and this factor supports joinder. (*See* Dkt. No. 27-1, Lerner Decl. ¶¶ 7-15.)

### 4. Motive for Joinder

Fourth, Plaintiff maintains that Tim Doe, supervisor or manager of the premises, was named as a defendant since the filing of the complaint. (Dkt. No. 27 at 23.) Defendant does not challenge this factor.

Courts examine "the motive of a plaintiff in seeking the joinder of an additional defendant." *Khachunts v. Gen. Ins. Co. of Amer.*, 682 F. Supp. 3d 827, 835 (C.D. Cal. July 14, 2023) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). This factor will weigh against a joinder if its sole purpose is to defeat diversity jurisdiction. *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1285-86 (C.D. Cal. 2015).

Here, the complaint originally alleged claims against Tim Doe, the manager of the premises at the time of the alleged incident. By amendment, Plaintiff merely seeks to replace Tim Doe with Tim Coyle while all other allegations in the complaint will remain the same. Therefore, Plaintiff's motive in seeking to join Tim Coyle is not to defeat diversity jurisdiction. This factor supports granting leave to join Mr. Coyle as a defendant.

### 5. Validity of Claim

Plaintiff next contends that the claims against Mr. Coyle state a claim. (Dkt. No. 27 at 24.) A claim is facially valid if it "'seems valid', which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Prudenciano Flores v. Nissan N. Am., Inc.*, No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022) (citation omitted); *see also Freeman v. Cardinal Health Pharm. Servs., LLC,* No. 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, *3 (E.D.

Cal. 2015) (rejecting defendant's assertion that "the Court should consider whether the amended complaint 'could be defeated by a motion to dismiss'").

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct*., 1 Cal. 5th 1132, 1158 (2016).  Plaintiff alleges that Costco and Mr. Coyle had a duty to keep the premises safe, knew or should have known, in the exercise of reasonable care, that parts of the store were in an unsafe condition, and breached their duty to keep the premises safe and caused him injury.  (Dkt. No. 1, Not. of Removal, Ex. A, Compl. ¶¶ 9-11, 15-17.)  Plaintiff has alleged a valid claim and this factor supports joinder of Mr. Coyle. *See Trujillo*, 2017 WL 4864490, at *5 (validity of new claims satisfied where the plaintiff alleged elements of a negligence claim).

**6.     Prejudice**

Finally, Plaintiff argues undue prejudice because filing multiple lawsuits on the same cause of action would result in unnecessary expenditure of resources.  (Dkt. No. 27 at 23-24.)  Plus, the claims against Tim Coyle would be barred by the statute of limitations. (*Id.*)  Defendant does not disagree.

Requiring the plaintiff to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice" if the claims against both parties "arise out of the same factual circumstances." *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW(KSX), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019) (citation omitted)).

Here, the Court agrees with Plaintiff that there would be significant expenses unnecessarily expended if litigation in two courts arises out of the same factual circumstances.  As such, this factor supports allowing joinder.

After considering all six factors, the Court concludes they all weigh in favor of the joinder of Mr. Coyle as a defendant.  Because the Court grants Plaintiff's motion to amend to join Mr. Coyle as a defendant, complete diversity is lacking and the Court lacks

subject matter jurisdiction over the case.  Therefore, the Court also grants Plaintiff's motion to remand the case to state court.

## Conclusion

Based on the reasoning above, the Court GRANTS Plaintiff's motion for leave to amend to add Tim Coyle as a defendant.  The proposed amended complaint, (Dkt. No. 27-4), shall be deemed filed and is the operative complaint.  Because the Court no longer has subject matter jurisdiction over the case, this action shall be remanded to the Superior Court of the State of California, County of San Diego.  The hearing set for January 31, 2025 shall be vacated.

IT IS SO ORDERED.

Dated:  January 24, 2025

Hon. Gonzalo P. Curiel
United States District Judge